23-2033, 23-2034, 23-2035, 23-2036, 23-2037, 23-2038, 23-2039

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

RIDESHARE DISPLAYS, INC.,
*Appellant*,

KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,
*Intervenor*

v.

LYFT, INC.,
*Cross-Appellant*.

On Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-01598, IPR2021-01599, IPR2021-01600, IPR2021-01601, IPR2021-01602

**CROSS-APPELLANT LYFT, INC.'S OPPOSITION TO APPELLANT'S REQUEST FOR JUDICIAL NOTICE**

Eliot D. Williams
Baker Botts L.L.P.
700 K Street, N.W.
Washington, DC 20001-5692

Jeremy J. Taylor
Baker Botts L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111

Jennifer C. Tempesta
Margaret M. Welsh
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

*Attorneys for Cross-Appellant Lyft, Inc.*

FORM 9. Certificate of Interest Form 9 (p. 1)
 March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 23-2033

**Short Case Caption** Rideshare Displays, Inc. v. Lyft, Inc.

**Filing Party/Entity** Lyft, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/09/2024 Signature: /s/ Eliot D. Williams

 Name: Eliot D. Williams

FORM 9. Certificate of Interest                                                                Form 9 (p. 2)
                                                                                                March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Lyft, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest                                           Form 9 (p. 3)
                                                                          March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable       ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable       ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

Cross-Appellant Lyft, Inc. ("Lyft") respectfully requests this Court to deny Appellant Rideshare Displays, Inc.'s ("RSDI") request that this Court take judicial notice of U.S. Provisional Patent Application No. 62/004,753 (the "'753 Application"), entitled "Vehicle Identification System." The request is improper because it seeks to have this Court decide the appeal on a record different from the record presented to the Patent Trial and Appeal Board (the "Board").

This Court "review[s] the decision from which an appeal is taken ***on the record before the Patent and Trademark Office***." 35 U.S.C. § 144 (emphasis added); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."). This statutory command is in harmony with what the Supreme Court termed a "fundamental rule of administrative law" that a "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action ***solely by the grounds invoked by the agency***." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (emphasis added).

While the Court may take judicial notice of certain facts, the application of judicial notice is discretionary and should not be used to circumvent the aforementioned limits on this Court's power to review agency decisions. *See K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1367 (Fed. Cir. 2014) ("We decline

to exercise our discretion to take judicial notice . . . . .") (citing *Murakami v. U.S.*, 398 F.3d 1342, 1354-55 (Fed. Cir. 2005)). *See also Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1365 (Fed. Cir. 2015) ("But we must not ourselves make factual and discretionary determinations that are for the agency to make") (citing *Chenery*, 332 U.S. at 196-97).

No party cited the '753 Application during the proceedings before the Board. *See* Declaration of Eliot D. Williams in Support of Cross-Appellant's Opposition to Appellant's Request for Judicial Notice ¶ 3. RSDI had every opportunity to introduce the '753 Application into evidence before the Board and to present to the Board any arguments based on that evidence, yet it chose not to. *See* Appx1936-1937, Appx1974-1975 (Patent Owner's Motion to Amend IPR2021-01598 and -01601). Therefore, RSDI cannot now use judicial notice to expand the record on appeal. *See K/S Himpp*, 751 F.3d at 1367 (declining to take judicial notice of a reference and "to expand the scope of [the Court's] review"). This Court does "not consider new evidence on appeal ***absent extraordinary circumstances***." *SmartSky Networks, LLC v. Gogo Bus. Aviation, LLC*, No. 23-1058, 2024 WL 358136, at *2 (Fed. Cir. Jan. 31, 2024).

Nor should RSDI be permitted to use judicial notice as a pathway to raise new arguments on appeal. *See In re Google Tech. Holdings LLC*, 980 F.3d 858, 862-63 (Fed. Cir. 2020) ("Google's failure to raise its lexicography arguments [before the

Board], inadvertent or not, compels a finding of forfeiture."). RSDI relies on the '753 Application in its Response and Reply Brief for its reply arguments on RSDI's appeal *and* its response arguments on Lyft's cross-appeal. ECF No. 30 ("Br.") at 11-13, 47-48. By failing to raise the '753 Application in its Opening Brief, RSDI has doubly forfeited any arguments relying on that application in its appeal. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived.").

Because the '753 Application is not properly part of the record that was considered by the Board, this Court should strike the citation to these materials in RSDI's Response and Reply Brief. *See SmartSky Networks*, 2024 WL 358136, at *2 (citing *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 746 (Fed. Cir. 1987) (striking references to material not considered by the district court and not properly supplemented)). Specifically, the Court should strike the following Sections of RSDI's Response and Reply Brief:

- RSDI's Reply on Its Appeal Section I.B: "The Provisional Application Specifically Discloses that the Vehicle Identification System 'Generates the Code Once the Vehicle Approaches the Pickup Location.'" Br. at 11-13.

- RSDI's Response to Lyft's Cross Appeal Section III.C: "The Provisional Application Provides Support for Generating the Indicator Itself." Br. at 47-48.

For the reasons articulated above, Lyft respectfully requests the Court deny RSDI's request for judicial notice and strike the portions of RSDI's brief relying on the provisional application.

| | |
|---|---|
| Date: February 9, 2024 | */s/ Eliot D. Williams* |

        Eliot D. Williams
        eliot.williams@bakerbotts.com
        Baker Botts L.L.P.
        700 K Street, N.W.
        Washington, DC 20001-5692
        (202) 639-7700

        Jeremy J. Taylor
        jeremy.taylor@bakerbotts.com
        Baker Botts L.L.P.
        101 California Street, Suite 3200
        San Francisco, CA 94111

        Jennifer C. Tempesta
        jennifer.tempesta@bakerbotts.com
        Margaret M. Welsh
        margaret.welsh@bakerbotts.com
        Baker Botts L.L.P.
        30 Rockefeller Plaza
        New York, NY 10112

        *Attorneys for Cross-Appellant Lyft, Inc.*

23-2033, 23-2034, 23-2035, 23-2036, 23-2037, 23-2038, 23-2039

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

RIDESHARE DISPLAYS, INC.,
*Appellant*,

v.

LYFT, INC.,
*Cross-Appellant*.

On Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-01598, IPR2021-01599, IPR2021-01600, IPR2021-01601, IPR2021-01602

# DECLARATION OF ELIOT D. WILLIAMS IN SUPPORT OF CROSS-APPELLANT'S OPPOSITION TO APPELLANT'S REQUEST FOR JUDICIAL NOTICE

I, Eliot Williams, hereby declare:

1. I am a Partner in the law firm of Baker Botts L.L.P. and a member of the bar of this Court.

2. I represent Cross-Appellant Lyft, Inc. ("Lyft") in this appeal. I make this declaration in support of the accompanying Cross-Appellant's Opposition to Appellant's Request for Judicial Notice.

2

3. No party cited the U.S. Provisional Patent Application No. 62/004,753 during the following proceedings before the Patent Trial and Appeal Board: Nos. IPR2021-01598, IPR2021-01599, IPR2021-01600, IPR2021-01601, IPR2021-01602.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: February 9, 2024        */s/ Eliot D. Williams*

                                      Eliot D. Williams
                                      eliot.williams@bakerbotts.com
                                      Baker Botts L.L.P.
                                      700 K Street, N.W.
                                      Washington, DC 20001-5692
                                      (202) 639-7700

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This motion complies with the type-volume limitation of Federal Circuit Rule 32(a) or Federal Circuit Rule 28.1.

X  The motion contains 756 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) or

__ The motion uses a monospaced typeface and contains ___ lines of text, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f)

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

X  The motion has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in a 14 point Times New Roman font, or

__ The motion has been prepared in a monospaced typeface using in a ___ characters per inch_____ font.

February 9, 2024                                /s/ *Eliot D. Williams*
                                                Eliot D. Williams